NOFZINGER, Appellant, v. LaCHOY FOOD PRODUCTS DIVISION OF BEATRICE FOODS CO., Appellee.

Common Pleas Court, Fulton County.

No. 13295.

James L. Frey, James W. Williamson, Wauseon, for appellant. C. William O'Neill, Atty. Genl., John W. Hardwick, Asst. Atty. Genl., Columbus, for Bureau of Unemployment Compensation.

## OPINION

By VAN BUREN, J.

This is an appeal from a decision by the Board of Review of the State Bureau of Unemployment Compensation, affirming a decision by the referee of the bureau which held that claimant Nora S. Nofzinger, of Archbold, Fulton county, Ohio, appellant in this case, was not entitled to receive unemployment benefits.

The authority of the court to hear this appeal from that decision is found in §4141.28 R. C. (formerly §1346-4 GC) which reads in part as follows:

"* * * If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision. * * *"

The court has examined carefully all decisions referred to it by the assistant attorney general, representing the bureau, and argued before this court at the hearing on appeal November 30, 1953, namely: **Stevens v. Industrial Commission, 145 Oh St 198, 30 O. O. 415;** Olive B. Watson v. Bureau of Unemployment Compensation, Common Pleas Court, Lawrence County, Case No. 31243; DiPalma v. Board of Review, Bureau of Unemployment Compensation, Common Pleas Court, Jefferson County, Case No. 42974; **Shannon v. Bureau of Unemployment Compensation, 155 Oh St 53, 44 O. O. 75.**

We agree with all principles of law enumerated in these decisions, that the burden of proof is on the claimant and that claimant must prove reasonable effort to find suitable employment in addition to registration and reporting to the local office of the Bureau of Unemployment Compensation.

In the instant case, the referee made the following findings of fact:

"Claimant filed an application for determination of benefit rights on June 16, 1952, at Wauseon, Ohio. Both prior and subsequent to said date, claimant had employment with the La Choy Food Products Division of the Beatrice Foods Company, Archbold, Ohio. Claimant worked for this employer off and on for approximately seven years prior to December 12, 1952. She was separated from her employment due to lack of work on said date.

"During the week ending December 20, 1952, claimant reported to the Ohio State Employment Service and during the following week she filed a claim for the week ending December 20, 1952. After being separated from her employment on December 12, 1952, claimant contacted two employers each week. Claimant had been told that if she contacted two employers each week she would be eligible to draw unemployment compensation."

In arriving at his decision denying benefits to claimant, the referee reasoned as follows:

"Sec. 1345-6a (4) GC (§4141.29 R. C.) requires that a claimant be actively seeking suitable work in order to be eligible to draw unemployment compensation. To be considered as engaged in an active search for work, a claimant must be making a reasonable effort to secure employment. The claimant has testified that she contacted at least two employers each week for which she filed claims for unemployment compensation. This testimony was offered with the aid of a written list which claimant had in her possession. The list contained names of employers which claimant had reported she had contacted when she filed her claims for unemployment compensa-

tion. The names were listed according to week numbers and not according to dates. Without the aid of the list claimant was unable to enumerate the employers she had contacted. Even though claimant had reported to the Bureau office on the day before the hearing, she was unable to name the employers which she had purportedly contacted during the previous week.

"From all of claimant's testimony, the referee is of the opinion that claimant was primarily interested in drawing unemployment compensation. Claimant's activities relative to seeking employment were not intended to result in employment for her, but rather to satisfy the eligibility requirements of the Ohio Unemployment Compensation Law. Such activities can not be considered as an active search for suitable work within the meaning of §1345-6a (4) GC (§4141.29 R. C.). It must, therefore, be concluded that as of December 14, 1952, claimant was not actively seeking suitable work. Her benefit rights must be suspended as of said date and until such time as she establishes her eligibility for benefits. Her claim for the week ending December 20, 1952, must be disallowed."

It is the last portion of paragraph two which finds that: "Claimant's activities relative to seeking employment were not intended to result in employment for her, but rather to satisfy the eligibility requirements of the Ohio Unemployment Compensation Law," to which this court has directed its inquiry in consideration of this appeal.

The transcript of testimony taken before the referee on February 17, 1953, at Wauseon, Ohio, in the opinion of the court does not justify the above conclusion or finding by the referee.

It will be noted that Archbold, Ohio, is a small town in an agricultural county; business is seasonal, and opportunity for regular employment at all times of year is definitely limited.

Claimant in this case is a housewife; married, with three children living at home, one son, just home from service, but in a veterans' hospital, at the time the testimony was taken.

Claimant has been an employee of the LaChoy Company for some seven years, averaging about ten months employment a year. At the time of the lay-off in question, she made constant search for employment in Archbold. She testified that an average of two places were visited each week to find work. On two occasions she sought work at three places in one week. She said in her testimony:

"I have looked all over—even asked to take care of children—or washing and house-cleaning. That is beside the other places I looked."

Claimant was examined and cross-examined at considerable length by the referee. Assisting the referee was a representa-

tive of a firm of so-called "consulting actuaries" employed by the Beatrice Foods Company. This representative of the so-called "consulting actuaries" also participated in the examination and cross-examination of the claimant. Claimant was not then represented by counsel.

There was no testimony introduced to controvert in any manner the testimony of claimant.

A careful reading of this testimony seems to establish beyond doubt that claimant told the truth, and testified to the truth, to the best of her ability.

It is therefore the opinion of the court that the finding of the referee and the affirmation of that decision by the Board of Review, although one member of said board dissented, are against the clear, plain and manifest weight of the evidence, unreasonable, and therefore unlawful. Judgment will be entered accordingly for the appellant in this case.