**RYCHENER v. LA CHOY FOOD PRODUCTS DIVISION OF BEATRICE FOODS CO.**

Common Pleas Court, Fulton County.

No. 13298.  Decided December 3, 1953.

James L. Frey, James W. Williamson, Wauseon, for appellant.
C. William O'Neill, Atty. Gen. John W. Hardwick, Asst. Atty. Gen., Columbus, for Bureau of Unemployment Compensation.

## OPINION

By VAN BUREN, J.

This is the third case involving the same defendants and basically the same questions of fact and law submitted to this Court, November 30, 1953, on appeal from a decision of the Board of Review of the Ohio Bureau of Unemployment Compensation.

As in the other two cases, namely, the Nofzinger case, **Nofzinger v. LaChoy Food Products**, Ohio Com. Pl., **67 Abs 404**, 116 N. E. 2d 773, and the Schroeder case, **Schroeder v LaChoy Food Products**, Ohio Com. Pl., 116 N. E. 2d 775, the appellant had been laid off by the LaChoy Food Products Division of the

Beatrice Foods Company at the Archbold plant during a slack time.

After a hearing before a referee of the bureau, he decided the claimant had not made a diligent search for other employment after she was laid off, and disallowed her claim for benefits. An appeal was taken to the Board of Review of the bureau, and the Board of Review affirmed the decision of the referee, although one of that board dissented. From that decision, an appeal was taken to this Court, as provided by §4141.28 R. C. (formerly §1346-4 GC).

As in the other cases, just decided, and to which reference is here specifically made, the appellee, the LaChoy Food Products Division of the Beatrice Foods Company, was represented by a firm of so-called "consulting actuaries," who appeared at the hearing before the referee and participated in the examination and cross-examination of the claimant. Claimant in this case was not then represented by counsel Hence. it appears to this Court that the pattern of the three cases is precisely the same.

Here too the claimant, Laura Rychener, a housewife residing in Pettisville, Ohio, a small hamlet located half-way between the Villages of Archbold and Wauseon, worked for the LaChoy concern at Archbold at seasonal times from September, 1949, until November 21, 1952, when she was separated from that employment due to lack of work. From then on, she asserts, and the record clearly shows, she was actively seeking further employment.

She testified (Record page 3) that in the LaChoy plant, most of her work had to do with the canning of seasonable farm produce, and that

"Sometimes I had four or five things (to do) in one day."

She testified further (Record page 3):

"Sometimes we were out on the track in the box car. putting cans on the track; sometimes beside the box car. putting cans on the track; sometimes making boxes. * * * We would be there maybe a half-hour, and then maybe called somewhere else."

She was paid 75 cents an hour.

Her testimony also shows that she went to work with several other people from Pettisville, Ohio, who also were employed in the LaChoy plant in Archbold. "Occasionally. I drove" she said, but usually "I rode with several others that were employed there." Pettisville to Archbold "is a distance of about five miles," she said.

In seeking other employment after the LaChoy lay-off, she contacted the "wire factory" in Wauseon, when in Wauseon

making her weekly reports to the office of the Bureau of Unemployment Compensation.

She also sought work in a restaurant in Pettisville, a dry goods store there, and several other places in Pettisville and Wauseon. For several weeks, she contacted at least one possible place of employment each week, and after that, two a week. She said (Record page 6)

"All the factories were laying off here in town at the time we were laid off."

"Here in town" means to the Court the Village of Wauseon, as her testimony was there taken.

Again (Record page 8) she said:

"Q. In your opinion is contacting one employer a week an active search for work? A. Well, the way all the factories were laying off during that time, it sort of seemed, well, I don't know, no point in asking where they were laying off, but that's what you had to do, because **this isn't like a city. There are not too many places open for employment.**" (Emphasis mine.)

Work in canning factories, and in many other places of employment mentioned by claimant are obviously seasonal, and it seems to the Court that claimant in this case did all she could reasonably be expected to do in seeking other employment. To require claimant to walk up and down the Main Streets of the local villages each week seeking work and to make repeated calls at the few, so-called, factories in this rural area would be an unreasonable requirement for employment benefits to which she was otherwise entitled.

Like the muted voodoo drums of the jungles in the tropics, gossip and news travels fast in the small towns in this rural county. If work was available, all hands would know about it instantly. Likewise, if the trend was toward further unemployment, that also would be generally known.

It is important also to note that the local office of the Bureau of Unemployment never gave claimant any information as to further job possibilities in this area (Record page 7).

"Q. Did the Ohio Employment Service tell you of any job opportunities? A. No."

Hence it is the opinion of the Court that Mrs. Rychener, appellant in this case, made every possible and reasonable effort to find employment after the LaChoy layoff, and that the findings of the referee and the Board of Review of the Bureau of Unemployment Compensation, refusing to allow her claim for benefits, are unreasonable, unlawful and against the manifest weight of the evidence.

Judgment will be given, therefore, in this case, as in the others, in favor of the appellant.